S.Ct. 652.

### Conclusion

The requirement found in Indiana Code § 6–1.1–24–3(b), that a mortgagee annually request, by certified mail, a copy of notice that a parcel of real property is eligible for sale under the tax sale statutes, does not violate the Fourteenth Amendment's Due Process Clause. We therefore reverse the trial court and remand.

DICKSON, C.J., RUCKER, MASSA, and RUSH, JJ., concur.

■

### In re Failure to Satisfy Costs in Lawyer Disciplinary Cases of Delmar KUCHAES, Respondent.

#### No. 94S00–1308–MS–501.

Supreme Court of Indiana.

Sept. 27, 2013.

### PUBLISHED ORDER SUSPENDING ATTORNEY FOR FAILURE TO PAY COSTS

On August 2, 2013, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in a disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rules 23(10)(f)(5) or 23(16), and Respondent is therefore subject to suspension under Admission and Discipline Rule (2)(h). Respondent has filed no response to the Commission's petition.

Being duly advised, the Court now SUSPENDS Respondent from the practice of law in Indiana, effective **ten days from the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent may file an application for reinstatement to the practice of law in this state pursuant to Admission and Discipline Rule (2)(h), provided the requirements of that provision are met. Reinstatement will be granted only if no other suspension is in effect and Respondent is otherwise eligible for reinstatement. Applications for reinstatement or for other relief shall be filed under the cause number for this case.

The Court directs the Clerk to forward a copy of this Order to the parties or their counsel, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

■

### In re Failure to Satisfy Costs in Lawyer Disciplinary Cases of Robert E. LOVE, Respondent.

#### No. 94S00–1308–MS–502.

Supreme Court of Indiana.

Sept. 27, 2013.

### PUBLISHED ORDER SUSPENDING ATTORNEY FOR FAILURE TO PAY COSTS

On August 2, 2013, the Indiana Supreme Court Disciplinary Commission filed a "Pe-

tition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in a disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rules 23(10)(f)(5) or 23(16), and Respondent is therefore subject to suspension under Admission and Discipline Rule (2)(h). Respondent has filed no response to the Commission's petition.

Being duly advised, the Court now SUSPENDS Respondent from the practice of law in Indiana, effective **ten days from the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent may file an application for reinstatement to the practice of law in this state pursuant to Admission and Discipline Rule (2)(h), provided the requirements of that provision are met. Reinstatement will be granted only if no other suspension is in effect and Respondent is otherwise eligible for reinstatement. Applications for reinstatement or for other relief shall be filed under the cause number for this case.

The Court directs the Clerk to forward a copy of this Order to the parties or their counsel, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

In re Failure to Satisfy Costs in Lawyer Disciplinary Cases of Steve L. **BREJENSKY, Respondent.**

No. 94S00–1308–MS–505.

Supreme Court of Indiana.

Sept. 27, 2013.

*PUBLISHED ORDER SUSPENDING ATTORNEY FOR FAILURE TO PAY COSTS*

On August 2, 2013, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in a disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rules 23(10)(f)(5) or 23(16), and Respondent is therefore subject to suspension under Admission and Discipline Rule (2)(h). Respondent has filed no response to the Commission's petition.

Being duly advised, the Court now SUSPENDS Respondent from the practice of law in Indiana, effective **ten days from the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent may file an application for reinstatement to the practice of law in this state pursuant to Admission and Discipline Rule (2)(h), provided the requirements of that provision are met. Reinstatement will be granted only if no other suspension is in effect and Respondent is otherwise eligible for reinstatement. Applications for reinstatement or for other relief shall be filed under the cause number for this case.